UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELECTRICITY MAINE, LLC, )
 )
      Plaintiff )
 )
v. ) No. 2:13-cv-380-NT
 )
FREEDOM LOGISTICS, LLC, )
 )
      Defendant )


### RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS

The defendant, Freedom Logistics, LLC ("FL"), moves to dismiss this case that arises out of an arbitration award.[1] I recommend that the court deny the motion.

### I. Applicable Legal Standard

The defendant's motion invokes two subsections of Federal Rule of Civil Procedure 12: 12(b)(1) and 12(b)(6). Defendant's Motion to Dismiss ("Motion") (ECF No. 7) at 4. When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extrapleading material. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1350, at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Howes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

---

[1] Oral argument was held before me on February 18, 2014.

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## II. Factual Background

The parties have submitted the following relevant, undisputed facts.

The plaintiff, Electricity Maine, LLC ("EM"), and FL entered into arbitration of a contractual dispute in which a hearing was held before an arbitrator on September 4, 2012. Application to Vacate Arbitration Award ("Complaint") (ECF No. 1) at 1, 3. The arbitrator issued his award on July 31, 2013, awarding $843,826.52 plus interest and attorney fees to FL. *Id*. at 6. FL filed an application to confirm the award in the Maine Superior Court (Cumberland County) on August 23, 2013. *Id*.

In the Superior Court, FL consented to EM's motion to establish a single deadline, October 15, 2013, for the filing of EM's opposition to the application to confirm and its own motion to vacate the award. Motion at 3-4. On October 15, 2013, EM filed both this action and a

2

pleading in the state court action seeking dismissal or stay of those proceedings in favor of this action. *Id*. at 4. Justice Wheeler of the Maine Superior Court granted the motion to stay the state-court action by order docketed on January 6, 2014.

### III. Discussion

FL seeks dismissal of this action under principles of abstention. It argues that this court's consideration of the plaintiff's claim is barred by the doctrine of abstention established by *Younger v. Harris*, 401 U.S. 37 (1971). Motion at 5-8.

Named after the seminal 1971 case *Younger v. Harris*, the *Younger* abstention doctrine arises from strong policies counseling against the exercise of jurisdiction where particular kinds of state proceedings have already been commenced. In the absence of extraordinary circumstances, interests in comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings. Although initially applied to protect state criminal prosecutions against interference, the *Younger* doctrine has been extended to "coercive" civil cases involving the state and to comparable state administrative proceedings that are quasi-judicial in character and implicate important state interests.

*Younger* abstention is mandatory, not discretionary, when the federal lawsuit would interfere:

> (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.

*Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007).

Abstention may be inappropriate only in certain "extraordinary circumstances":

> Extraordinary circumstances include those situations in which core constitutional value[s] are threatened during an ongoing state proceeding and there is a showing of irreparable harm that is both

3

> great and immediate. Among those extraordinary circumstances are cases in which extreme bias completely renders a state adjudicator incompetent and inflicts irreparable harm upon the petitioner. *Esso [Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136,] 143 [1st Cir. 2008]; *Christian Action Network v. State of Maine*, 679 F.Supp.2d 140, [145] (D. Me. 2010) (stating that "[e]xtraordinary circumstances include bad faith, harassment and extreme bias; great and immediate irreparable harm to core constitutional values").

*Id*. at *3 (some citations and internal punctuation omitted).

Here, there is no ongoing state court proceeding; the state action has been stayed specifically in favor of this action. While EM may well be forum shopping, the state court's action has rendered *Younger* abstention inappropriate. *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1107 (9th Cir. 1988).

At oral argument, FL's attorney contended that Justice Wheeler in the Maine Superior Court stayed that action only in order "to see what this court would do" with the motion to dismiss or for abstention that she knew was pending in this court. No such limitation is apparent on the face of her order granting the stay. Order dated January 2, 2014, *Freedom Logistics, LLC v. Electricity Maine, LLC,* Civil Action Docket No. CV-13-375, Maine Superior Court (Cumberland County) (ECF No. 13-1). I decline to read a temporal limit into that order where none is apparent.

FL's attorney also argued that EM's choice to file an application to vacate the arbitration award in this case rather than timely removing the application to confirm the award from state court to this court has "added confusion that is completely unnecessary." To the contrary, I see no added confusion in what is essentially a straightforward action resulting from an arbitration award. He also asserted that any abstention issue is wholly independent of the state court's stay, a proposition that is inconsistent with existing case law like *Walnut Properties*, cited above.

In addition, FL has failed to demonstrate the "extraordinary circumstances" that the First Circuit requires in order to render abstention appropriate: no constitutional principles are implicated and there has been no showing of great and irreparable harm should this action proceed in federal court.

FL also seeks this court's abstention under *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976). Motion at 8-12. Under *Colorado River*, abstention by this court is appropriate where exercise of its jurisdiction over a particular claim would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." This court should not duplicate efforts of the Maine Superior Court that are already underway.

In *Burns v. Watler*, 931 F.2d 140 (1st Cir. 1991), the First Circuit listed the factors that are to be considered when a party asks a federal trial court to abstain on this basis:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

*Id*. at 145 (citation omitted). The First Circuit added that other factors might merit consideration, "notably the vexatious or contrived nature of the federal claim[.]" *Id.*

However, these factors seldom override the fact that the state court action at issue has been stayed pending the resolution of the federal action at issue. *See, e.g., Bank of Am., N.A. v. 3301 Atlantic, LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *5 (E.D.N.Y. June 29, 2012); *Insurance Newsnet.com, Inc. v. Pardine*, Civil Action No. 1:11-CV-00286, 2011 WL 2461960, at *4 (M.D. Pa. June 17, 2011); *Natomas Gardens Inv. Group, LLC v. Sinadinos*, No. CIV. S-08-2308 FCD/KJM , 2010 WL 1558961, at *3-*4 (E.D. Cal. Apr. 19, 2010). I see no reason why the result in the instant case should be different.

Finally, FL argues that this case should be dismissed on the basis of the doctrine of judicial estoppel, because EM represented to the state Superior Court that it intended to file an application to vacate the award pursuant to state law, that it would serve judicial efficiency if it filed its opposition to the motion to confirm the award and its application to vacate the award at the same time, and that it would file an application to vacate the award in the state court. Motion at 12-13.

Assuming *arguendo* that EM's act of bringing the instant action is inconsistent with the representations that it made to the state court, application of the doctrine of judicial estoppel, as EM points out, Opposition at 19, nonetheless allows consideration of the question of whether the accused party obtained an "unfair advantage" as a result of its change of position. *Alternative Sys. Concepts, Inc. v. Synopsis, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004); *Rothrock v. Turner*, 435 B.R. 70, 80 n.8 (D. Me. 2010). Here, EM has obtained no unfair advantage over FL as a result of its filing in this court, other than the few weeks that elapsed between the date upon which EM's response to FL's application to confirm was originally due and the date upon which it filed this action, which was also the date upon which its application to vacate would have been due in state court. Since FL will ultimately be able to obtain the full arbitrator's award, with interest, should it prevail either here or in state court, there is no unfair advantage inherent in that delay, if indeed it is a delay at all.

Judicial acceptance of EM's alleged representation to the state court that it would file an application to vacate the arbitration award in that court conferred little or no benefit upon EM, *see Alternative Sys.* at 33, because the time that passed will have no effect upon the amount of the award, if it is upheld, or the validity of the award, if it is not. The essential "legal advantage"

inuring to EM from its change in position between the state and federal courts, *id*., is minimal at best. It is not reason enough to dismiss this action.

## IV. Conclusion

For the foregoing reasons, I recommend that the motion to dismiss be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge